UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
IN RE:

MARTINA MARIA-LUZ CANDELARIO

Debtors.

-------------------------------------------------------------------X
WINDWARD BORA, LLC,

Plaintiff,

           -against-

MTGLQ INVESTORS LP; SHELLPOINT MORTGAGE SERVICING; FEDERAL NATIONAL MORTGAGE,

Defendants.

-------------------------------------------------------------------X

Chapter 7

CASE NO.: 18-23705-RDD

Judge: Hon. Robert D. Drain

## COMPLAINT

Windward Bora, LLC ("Windward Bora"), as Plaintiff herein, complains of defendants MTGLQ Investors, LP ("MTGLQ"), Shellpoint Mortgage Servicing ("Shellpoint") and Federal National Mortgage Association ("Fannie Mae") (MTGLQ, Shellpoint and Fannie Mae shall be collectively referred to as the "Defendants") as follows:

### JURISDICTION AND VENUE

1. This action is brought pursuant to sections 105(a), 502, 506 of title 11, United States Code (the "Bankruptcy Code") and under Rules 3007, 3012, 7001(2) and (9) and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2. This Court has jurisdiction over this action under 28 U.S.C. sections 157 and 1334 and the standing order of the United States District Court for the Southern District of New York, referring all bankruptcy cases filed herein and all matters arising in and under said cases and related

1

thereto the Bankruptcy Judges of this District, as the action arises in and under and/or relates to the instant Chapter 7 bankruptcy case of the Debtor.

3. This action is a proceeding arising under the Bankruptcy Code and arises in and is related to a case under the Bankruptcy Code as contemplated under 28 U.S.C. section 157(b)(1).

4. This action is a core proceeding pursuant to 28 U.S.C. section 157(b)(2)(A), (B), (K) and (O).

## GENERAL ALLEGATIONS

5. On or about June 28, 2007, the debtor Martina Maria-Luz Candelario ("Candelario" or the "Debtor") and Martin Candelario executed a mortgage (the "Windward Bora Mortgage") in favor of National City Bank (the "Lender"), encumbering the property located at 11 Wiles Drive, Stony Point, New York 10980 (the "Property").

6. On July 13, 2007, the Windward Bora Mortgage was recorded in the Rockland County Clerk on July 13, 2007 as Instrument No.: 2007-00035067.

7. The Windward Bora Mortgage secures a promissory note (the "Windward Bora Note") in the original principal amount of forty thousand seven hundred dollars and zero cents ($41,700.00), executed by Candelario on June 28, 2007, and delivered to the Lender.

8. The Windward Bora Mortgage and Note were assigned through Assignments of Mortgage and endorsements upon the promissory Note to Windward Bora. The endorsed Windward Bora Note was physically delivered to Windward Bora on December 15, 2017.

9. The Windward Bora Mortgage was assigned by PNC Bank, N.A. Successor By Merger to National City Bank to Dreambuilder Investments by the Assignment of Mortgage dated August 12, 2010, and recorded in the Rockland County Clerk's Office on April 4, 2014 as Instrument Number 2014-00009058. The Windward Bora Mortgage was then assigned by Dreambuilder Investments to Trinity Financial Services, LLC by the Assignment of Mortgage

dated March 28, 2014, and recorded in the Rockland County Clerk's Office on April 4, 2014 as Instrument Number 2014-00009059. Next, the Windward Bora Mortgage was assigned by Trinity Financial Services, LLC to Ventus Properties, LLC by the Assignment of Mortgage dated August 26, 2014 and recorded in the Rockland County Clerk's Office on September 17, 2014 as Instrument Number 2014-00025064. Finally, the Windward Bora Mortgage was assigned by Ventus Properties, LLC to Windward Bora, LLC by the Assignment of Mortgage dated November 10, 2017.

10. The Debtor and Martin Candelario also executed a mortgage (the "MTGLQ Mortgage") in favor of Mortgage Electronic Registration Systems, Inc. as Nominee for Garden State Mortgage Corporation, its successors and assigns. The MTGLQ Mortgage was subsequently assigned to Federal National Mortgage Association ("Fannie Mae"), and then assigned to MTGLQ. The MTGLQ Mortgage encumbers the Property in exchange for a loan (the "MTGLQ Note") (the MTGLQ Mortgage and the MTGLQ Note shall collectively make up the "MTGLQ Loan"). Upon information and belief, Debtor entered into a modification concerning the MTGLQ Loan which increased the principal balance of the MTGLQ Loan without Windward Bora's consent.

11. The MTGLQ Mortgage was originated as a Fannie Mae Mortgage. MTGLQ Mortgage is currently serviced by Shellpoint and Shellpoint is acting on behalf of MTGLQ in the instant underlying bankruptcy action.

12. On November 2, 2018 the Debtor commenced the bankruptcy case (the "Case") by filing a voluntary petition for relief pursuant to Chapter 7, Title 11 of the United States Code with the United States Bankruptcy Court for the Southern District of New York (the "Court").

13. Plaintiff now files this action seeking to recover under unjust enrichment and seeking a declaratory judgment that the Windward Bora Mortgage has priority over the MTGLQ Mortgage.

**CAUSES OF ACTION**

**UNJUST ENRICHMENT**

14. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in Paragraphs "1" through "13" of the Complaint with the same force and effect as if more specifically set forth herein.

15. Upon information and belief, Debtor previously defaulted on the MTGLQ Mortgage and the MTGLQ Note and a loan modification was offered to Debtor by MTGLQ, Fannie Mae or Shellpoint (the "Loan Modification") to avoid foreclosure.

16. Upon information and belief, the Loan Modification increased the principal balance of the MTGLQ Loan and gave MTGLQ the opportunity to secure more money than it had prior to the Loan Modification.

17. Upon information and belief, over the life of the MTGLQ Loan, the Loan Modification will allow it to recover more than it would have under the original terms of the MTGLQ Mortgage and Note.

18. The Loan Modification also gave MTGLQ a greater security interest to the Property than what it originally had under the MTGLQ Mortgage.

19. This greater security interest in the Property that MTGLQ obtained through the Loan Modification was to the detriment of the Plaintiff.

20. The Loan Modification eliminated equity from the Property, reducing Plaintiff's ability to recover the amounts due under the Windward Bora Note and the Windward Bora Mortgage.

21. Since MTGLQ, Fannie Mae and Shellpoint eliminated the equity from the Property, they have been unjustly enriched.

22. The Defendants by failing to bring its own foreclosure action expeditiously, created an unjustifiable impairment of collateral, thereby materially prejudicing the interests of the Plaintiff.

23. The Defendants are being unjustly enriched under the terms of the Loan Modification. Plaintiff should be declared a secured lien against the Property with priority over the Loan Modification and the amounts due under it.

**DECLARATORY JUDGMENT FOR
SUBORDINATION OF MTGLQ MORTGAGE**

24. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in Paragraphs "1" through "23" of the Complaint with the same force and effect as if more specifically set forth herein.

25. Under New York law, when a modification of a senior mortgage "substantially impairs the security interest of the junior lienors or effectively destroys their equity" without the consent of the junior mortgagee, the senior mortgage loses priority to the junior mortgage. *Fleet Bank of N.Y. v County of Monroe Indus. Dev. Agency*, 224 A.D.2d 964, 965, 637 N.Y.S.2d 870 (4th Dept. 1996) (*citing, Shultis v. Woodstock Land Dev. Assocs.*, 188 A.D.2d 234, 236-237, 594 NYS 890 (3d Dept. 1993) and *Empire Trust Co. v Park-Lexington Corp.*, 243 A.D 315, 321, 276 NYS 586 (1st Dept. 1934)); *see also, In re Whi*te, 514 B.R. 365, 369-370 (E.D.N.Y. 2014) (*internal citations omitted*) (Senior lien holder will be divested of its priority and junior lien holder will be elevated to a position of superiority when the modification of senior lien "prejudices the rights of the junior lien holder or impairs its security, and is made without the junior lien holder's consent.").

26. The Loan Modification created a substantial, material and adverse impairment of the Windward Bora Note and the Windward Bora Mortgage.

27. The Loan Modification was entered into after the Windward Bora Note was delivered by the Debtor to Plaintiff's Lender and after the Windward Bora Mortgage was recorded.

28. Plaintiff received no written notice or other advisement of the Loan Modification in violation of New York law.

29. Plaintiff never consented to the Loan Modification.

30. The actual, substantial and adverse impact on the Windward Bora Mortgage has caused a changed circumstance between the MTGLQ Note and the MTGLQ Mortgage that requires the MTGLQ Mortgage to become subordinate to the Windward Bora Mortgage.

31. Therefore, New York law renders the MTGLQ Mortgage wholly subordinate to the Windward Bora Mortgage, and the Windward Bora Mortgage becomes the first position mortgage against the Property.

## DECLARATORY JUDGMENT FOR
## PARTIAL SUBORDINATION OF MTGLQ MORTGAGE

32. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in Paragraphs "1" through "31" of the Complaint with the same force and effect as if more specifically set forth herein.

33. If it is determined that the unpaid principal balance under the Loan Modification is greater than the unpaid principal balance under the MTGLQ Mortgage, then the difference between the Loan Modification and MTGLQ Mortgage must be made subordinate to the Windward Bora Mortgage.

34. The priorities of the MTGLQ Mortgage are bifurcated and would be: (a) MTGLQ Mortgage; (b) Windward Bora Mortgage; and (c) the amount which equals the Loan Modification principal balance minus the original principal balance of the MTGLQ Mortgage.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court grant judgment in favor of Plaintiff and against the Defendants as follows:

1. On the First Cause of Action, for unjust enrichment;

2. On the Second Cause of Action, subordinating in full the MTGLQ Mortgage to the Windward Bora Mortgage;

3. On the Third Cause of Action, subordinating part of the MTGLQ Mortgage in an amount to be determined of the MTGLQ Mortgage to the Windward Bora Mortgage;

4. That Plaintiff be awarded Attorneys' Fees, Costs and Disbursements for this Action; and

5. Such other relief as the Court deems just, equitable and proper.

Dated: New York, New York
February 11, 2019

*/s/ Seth D. Weinberg*
Seth D. Weinberg, Esq.
*Counsel for Plaintiff*