UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Case No.: 19-08224-RDD
IN RE:

Chapter 7
MARTINA MARIA-LUZ CANDELARIO

Judge: Hon. Robert D. Drain
Debtor.
------------------------------------------------------------------X
WINDWARD BORA, LLC,

       Plaintiff,                                                                <u>ANSWER</u>

    -against-

MTGLQ INVESTORS LP; SHELLPOINT MORTGAGE
SERVICING and FEDERAL NATIONAL MORTGAGE,

       Defendants.
------------------------------------------------------------------X

Defendants MTGLQ Investors, LP ("MTGLQ") and Shellpoint Mortgage Servicing ("Shellpoint"), by its attorney, Sheldon May & Associates, PC, as and for an answer to the Complaint of Windward Bora, LLC ("Windward") herein, upon information and belief, respectfully alleges as follows:

1. Answering defendants deny knowledge and information sufficient to form a belief as to the truthfulness of the allegations in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 24, 25, 27, 28, 29 and 32 of plaintiff's complaint and defers to the Court for the interpretation of any statutes mentioned therein.

2. Answering defendants deny the allegations in paragraphs 10, 16, 17, 18, 19, 20, 21, 22, 23, 26, 30, 31, 33 and 34 of plaintiff's complaint.

## FIRST AFFIRMATIVE DEFENSE

3.  The modification agreement entered into between the debtor and MTGLQ did not prejudice plaintiff or otherwise substantially or materially impair plaintiff's rights or security interest.

## SECOND AFFIRMATIVE DEFENSE

4.  The modification agreement entered into between the debtor and MTGLQ improved the debtor's ability to make ongoing payments on plaintiff's junior mortgage loan and does not provide grounds for subordination of any portion of MTGLQ's senior mortgage.

## THIRD AFFIRMATIVE DEFENSE

5.  A senior lienor may enter into an agreement with the mortgagor modifying the terms of the underlying note or mortgage without obtaining the consent of any junior lienors.

## FOURTH AFFIRMATIVE DEFENSE

6.  The reduction of the debtor's monthly mortgage payments through modification improved the debtor's ability to make the ongoing payments due under plaintiff's mortgage.

## FIFTH AFFIRMATIVE DEFENSE

7.  At the time of modification, the debtor lacked the ability to simultaneously pay her primary and secondary mortgage debts.

## SIXTH AFFIRMATIVE DEFENSE

8.  Any deferral of principal under the modification agreement improved plaintiff's position.

## SEVENTH AFFIRMATIVE DEFENSE

9.  The modification of plaintiff's mortgage debt was done in good faith and in order to avoid foreclosure, effectively preserving plaintiff's lien.

## EIGHTH AFFIRMATIVE DEFENSE

10. Plaintiff lacks the necessary standing and/or capacity to have commenced and/or to maintain this action.

## NINTH AFFIRMATIVE DEFENSE

11. This action was commenced in violation of the relevant period of limitations for the claims made.

## TENTH AFFIRMATIVE DEFENSE

12. Waiver and estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

13. In the event the modification at issue is found by the Court to have prejudiced plaintiff, such prejudice would be successfully abated by giving plaintiff priority over only that amount representing any increased amounts due and owing MTGLQ as a result of the modification.

## TWELFTH AFFIRMATIVE DEFENSE

14. Laches.

WHEREFORE, answering defendants demand judgment dismissing plaintiff's complaint, with costs and disbursements and such other and further relief as to the Court seems just and proper.

Dated: Rockville Centre, New York
March 5, 2019

Sheldon May & Associates PC

/S/Ted Eric May, Esq.
By: Ted Eric May
*Attorney for Defendants*
255 Merrick Road
Rockville Centre, New York 11570
(516) 763-3200